ISAAC SAMUELS *vs.* WILLIAM BORROWSCALE.

On the trial of a writ of entry, if the demandant, as part of his chain of title, puts in evidence an office copy of a deed of the premises, purporting to have been made from the tenant to a third person, the tenant may disprove his execution of such a deed by any evidence that would be competent had the demandants' proof been by the original instead of the copy.

Disseisin may be proved by evidence of open and exclusive possession, claiming title against all persons whomsoever, without proof of actual notice to the disseisee.

WRIT OF ENTRY, dated December 14, 1868, to recover land in Boston. Plea, *nul disseisin.*

At the trial in the superior court, before *Lord,* J., the demandant put in evidence an office copy, from the Suffolk registry, of a deed of the premises, dated January 19, 1861, purporting to have been executed and delivered by the tenant to John F. Augustus; and a mortgage deed of the premises, dated September 14, 1861, from Augustus to the demandant, to secure payment of a note for $1000 in four months.

The tenant, in defence, was called as a witness, and asked by his counsel whether he had ever seen, signed or executed any such deed as that appearing from the office copy. The demandant objected to these interrogatories, contending that such inquiries could not be put to and answered by the witness, without first producing the original deed or properly accounting for its nonproduction; and the judge sustained the objection, and refused to allow the questions to be answered by the witness.

The tenant accordingly introduced evidence showing that Augustus was a prisoner in the Suffolk jail; and that two days before this trial he visited him in the jail for the purpose of finding and procuring this deed; and then proposed to prove by his own testimony that he inquired of Augustus, at this time, where the deed was, and what Augustus said in reply, but the judge, upon objection by the demandant, refused to permit him to do so. He then further testified that, after his visit to Augustus at the jail, he went to the house of Augustus, and with the wife of Augustus looked over and examined

some papers shown to him as papers of Augustus, and was unable to find the deed.

" The tenant asked for and obtained a writ of *habeas corpus* by which Augustus was brought from the jai and put upon the stand as a witness ; and his counsel asked Augustus if he had at any time seen a deed dated January 19, 1861, executed by the tenant to him ; but the witness declined to answer the question, and, upon being asked why he so declined, replied, because the answer would tend to criminate himself. The tenant's counsel then put into the hands of the witness the office copy of the deed, and asked him when he last saw the original deed of that copy ; and he replied that he did not know. The witness was asked where the original deed then was, and what he had done with it ; and replied that he did not know, and then went on to say that all of his old papers, together with his clothing, were attached two years before that time, and sold by a certain constable to different parties, and whether this deed was among these papers he did not know, and that he had no papers at the present time but such as had accumulated since two years ago.

" The tenant's counsel then recalled the tenant as a witness, and again, after showing him the office copy of the deed, asked him whether he had ever seen, signed or executed the deed of which that was an office copy. The demandant again objected to the interrogatories, because the original deed was not produced and the nonproduction properly accounted for ; and the judge sustained the objections of the demandant, and refused to allow the inquiries to be put to and answered by the witness, upon the ground that the testimony did not satisfy him, either that proper search had been made for the deed, or that the tenant could not produce it if he desired to do so.

" The tenant then testified that ever since 1860 he had lived in and occupied the premises as his own, claiming and using them as his own and not admitting the right or claim of any one else, paying the taxes upon the same ; that he had never spoken with the demandant in his life, and that neither Augustus, nor the demandant, nor any other person, had, during that time, until the bringing of this action, interfered with his pos-

session, control of or claim to the estate. The counsel for the tenant thereupon asked the judge to instruct the jury that, if they believed the above testimony of the tenant, it showed that Augustus was disseised at the time of giving the mortgage to the demandant, and the mortgage deed given under such circumstances would be inoperative and void, and invalid to pass any title or estate in the premises to the demandant. But the judge refused so to rule, and did rule and instruct the jury that the office copy of the deed from the tenant to Augustus was evidence of the conveyance of the estate; that, if the tenant remained in possession afterwards, he was a tenant at sufferance to Augustus; and that there would be no evidence of a disseisin in this case, without proof, on the part of the tenant, that he gave notice to Augustus, before the mortgage was made, in some form, by act or word, that he was holding in defiance of, or repudiated the title of, Augustus."

The verdict was for the demandant, and the tenant alleged exceptions.

*A. F. L. Norris,* for the tenant.

*T. H. Sweetser & F. W. Kittredge,* for the demandant.

GRAY, J. The law is well settled in this Commonwealth, that a party relying on a deed made immediately to himself or the other party, or which is presumed to be in the custody of either, must produce the original deed, or lay a foundation in the usual manner for secondary evidence; but that of other deeds, acknowledged and recorded in accordance with the statutes, a certified copy from the registry is original evidence, instead of the deed itself, and of course dispenses with calling an attesting witness or other proof of execution. *Ward* v. *Fuller,* 15 Pick. 185. *Stetson* v. *Gulliver,* 2 Cush. 498. *Commonwealth* v. *Emery,* 2 Gray, 80. *Thacher* v. *Phinney,* 7 Allen, 146. See also *Brooks* v. *Marbury,* 11 Wheat. 78; *Dick* v. *Balch,* 8 Pet. 30. The deed from the tenant to Augustus, from whom the demandant derived his title, was not made to, or presumed to be in the custody of, either of the parties to this action. The demandant was therefore rightly permitted to prove it by an office copy.

But we are all of opinion that the learned judge who presided at the trial erred in refusing to allow the tenant to testify that he had never executed such a deed. The office copy of a deed in which neither party to the suit was grantee, and to the custody of which neither was entitled, was *primâ facie* original evidence, of the same degree, though not perhaps of the same weight, as the deed itself, and was liable to be rebutted by any evidence which would have been admissible to disprove the execution of the original deed, if that had been produced. There was, to say the least, no more reason for requiring that the deed should be produced, or its nonproduction accounted for, by the tenant, who did not claim under the deed, and denied that he had ever executed such an instrument, than by the demandant, who asserted its genuineness and claimed title under it.

Upon the question of disseisin, also, the learned judge seems to us to have held the tenant to stricter proof than the law required. All that is necessary to constitute disseisin is actual, adverse and exclusive possession, so open and notorious that it may be presumed to have been known to the rightful owner. The testimony of the tenant would have warranted the jury in finding that at the time of the conveyance from Augustus to the demandant the tenant was in the open and exclusive possession of the land, claiming it as his own against all persons whomsoever. Special notice to the demandant, either by act or word, that the tenant held in defiance of or repudiated his title, was not necessary. If the tenant's possession was actual, exclusive, adverse, open and notorious, it was a disseisin, even if he did not know, (as his testimony tended to show that he did not,) that the demandant claimed any title in the premises. In *Poignard* v. *Smith*, 6 Pick. 172, 178, the disseisees were out of the Commonwealth and had no agent here; and it was argued that there was no disseisin, because they had no notice of any adverse claim; but the court overruled the objection, saying, "Acts of notoriety, such as building a fence round the land or erecting buildings upon it, are notice to all the world." See also *Parker* v. *Proprietors of Locks & Canals*, 3 Met. 100, 101

*Miller* v. *Same*, 5 Met. 33; *Cook* v. *Babcock*, 11 Cush. 206; *Bradstreet* v. *Huntington*, 5 Pet. 441, 445; *Ewing* v. *Burnet*, 11 Pet. 41.                *Exceptions sustained.*