HENRY H. CHAMBERLIN *vs.* HUGUENOT MANUFACTURING COMPANY.

Worcester.    October 6. — 12, 1875.    WELLS & AMES, JJ., absent.

In an action against a corporation, which refuses upon notice to produce the certificate of its organization and a conveyance of land to it, the plaintiff may introduce in evidence office copies of such instruments, whether the originals are in the possession of the corporation, or have passed into the hands of its assignees in bankruptcy.

The existence of a corporation organized under a general law may be proved by the certificate of organization required by the law to be filed.                    .

The institution of proceedings in bankruptcy, under the U. S. St. of 1867, ⌐ 176, by a manufacturing corporation, and the proof of a debt against its estate in bankruptcy, and receiving a dividend thereon, do not prevent the creditor from bringing an action and recovering judgment against the corporation, under the statutes of the Commonwealth, for the purpose of charging its officers and stockholders.

Both the St. of 1870, *c.* 224, § 69, repealing a general statute under which a manufacturing corporation has been organized, and the St. of 1872, *c.* 354, dissolving the corporation by name, reserve the rights of its creditors to sue the corporation upon liabilities previously incurred, for the purpose of charging its officers and stockholders.

CONTRACT on the following promissory note, signed and indorsed " J. Burrough, treasurer : "    " North Oxford,· Nov. 25,

1868. Four months after date for value received, the Huguenot Manufacturing Co. promise to pay to the order of J. Burrough, Treas., three thousand dollars." There was also a second count on another note similar in form. Writ dated March 16, 1875. The declaration alleged that the action was brought as the commencement of proceedings for the purpose of enforcing the personal liability of the officers of the defendant corporation. Answer : 1st. a general denial ; 2d. that there never was any such corporation duly organized under the laws of the Commonwealth as the Huguenot Manufacturing Company ; 3d. that since the notes were given the defendant corporation had been adjudged a bankrupt, that the plaintiff proved the notes against said corporation in bankruptcy and received a dividend thereon, and that the proceedings in bankruptcy have not been completed ; 4th. that at the date of the writ there was no such corporation as the Huguenot Manufacturing Company.

Trial in this court, before *Colt*, J., without a jury, who allowed a bill of exceptions in substance as follows :

The plaintiff proved the signature and indorsement of the notes by J. Burrough. It appeared in evidence that the plaintiff had given to the attorney for the defendant notice to produce at the trial the certificate signed by the president, a majority of the directors and the clerk, hereinafter referred to, also the deeds hereinafter referred to, and the records of the corporation. The defendant refused to produce any of them at the trial, contending that the deeds had passed into the hands of, and become the property of, its assignees in bankruptcy.

The plaintiff offered in evidence a certified copy of the notice of the formation of the defendant corporation under the General Statutes, sworn to by the president, treasurer, clerk and directors on February 11, 1867, and recorded in the registry of deeds for Worcester County on February 26, 1867 ; also certified copies of certain deeds to the defendant corporation of land with woollen and cotton mills thereon. To all this evidence the defendant objected, but the judge admitted it.

The plaintiff, a wool merchant, testified that the notes in this suit were given for wool sold the Huguenot Manufacturing Company ; that he had frequently, before this transaction, sold wool to the corporation, taking notes therefor in the same form as the

notes in this suit, and signed and indorsed in the same manner by Joseph Burrough, treasurer; also that the Huguenot Manufacturing Company carried on the business of manufacturing cotton and woollen goods at the mills in North Oxford; that the notes he had hitherto taken had always been paid at maturity; that Joseph Burrough had acted as treasurer of said corporation. The plaintiff also put in the St. of 1872, c. 354. To all this testimony the defendant objected, but the judge admitted it.

The plaintiff also put in a certificate from the United States District Court, by which it appeared that the Huguenot Manufacturing Company of Oxford filed its petition in bankruptcy on February 23, 1869, and was adjudged a bankrupt on March 2 following, and that the plaintiff on March 18, 1869, proved the notes in suit against the estate of said bankrupt. It was admitted that a dividend of twenty-eight per cent. had been declared in bankruptcy to the creditors of the said corporation, and that in the year 1869, the court, under said proceedings in bankruptcy, assigned all the effects of the Huguenot Manufacturing Company to the assignees in bankruptcy.

Upon this evidence the defendant contended that the plaintiff could not recover, but the judge ruled otherwise, and entered a verdict for the amount of the two notes, less the dividends aforesaid, and ordered judgment to be entered as of May 1, 1875, the day the case was heard. To this ruling and order also the defendant alleged exceptions.

*F. T. Blackmer*, for the defendant. 1. The records were the best evidence of the formation of the corporation. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282. The defendant corporation having been organized under the General Statutes, and not by special statute, the original records of the corporation should have been produced, or the contents proved by secondary evidence. The secondary evidence would not be competent upon giving notice to the corporation, unless it had the custody and control of the records. The assignees in bankruptcy having the custody and control of the records, they should have been summoned to bring the records, or it should have been shown that the defendant had them. The secondary evidence of the certificate merely was not sufficient evidence of the incorporation. It is unlike the case of a corporation formed under a special statute,

as in such case the statute itself is evidence of the incorporation, and the acts of the defendant under it are evidence that the corporation is properly organized. *Narragansett Bank* v. *Atlantic Silk Co.*, *supra.* Gen. Sts. *c.* 131, § 62.

2. By the bankrupt act in force at the time of the proof of the plaintiff's claim against the defendant, he waived all right and action against the defendant, and cannot now recover against it. U. S. St. 1867, *c.* 176, § 8. *Bennett* v. *Goldthwait,* 109 Mass. 494. But if the plaintiff has a cause of action against the defendant, by proving his claim against the corporation and submitting himself to the jurisdiction of the Bankrupt Court, and becoming a party to the proceedings therein, he precludes himself from bringing any suit against the bankrupt unless he shows either that the bankrupt court has ceased to have any jurisdiction in this case by a final settlement and distribution, or that he has obtained leave from that court to bring an action. *Dingee* v. *Becker,* 9 Bankr. Reg. 508. It was incumbent on the plaintiff to show that the estate of the defendant had been finally settled, or that he had obtained leave to bring this suit, and, having failed to do so, he cannot recover.

3. By the Gen. Sts. *c.* 68, § 36, no action can be maintained against a corporation after the expiration of three years from the time the charter is annulled. The bankruptcy of this corporation was a dissolution thereof. *Brinckerhoff* v. *Brown,* 7 Johns. Ch. 217. *Slee* v. *Bloom,* 19 Johns. 456. *Penniman* v. *Briggs,* Hopk. Ch. 300. *State Savings Association* v. *Kellogg,* 52 Misso. 583 Bump on Bankruptcy, (8th ed.) 776.

4. If the corporation was not dissolved by the act of bankruptcy, it was dissolved by the St. of 1872, *c.* 354, § 1; and the General Statutes therein referred to, which provide for its continuance, do not apply to manufacturing corporations.

5. The St. of 1870, *c.* 224, § 69, having repealed the act under which this corporation was created, it does not appear that it ever had any existence since the passage of St. of 1870, under which this action is brought.

*T. L. Nelson,* for the plaintiff, was not called upon.

GRAY, C. J. The registry copies of deeds to the corporation, and of the certificate of its organization, were rightly admitted in evidence. If the originals were in the custody of the corpora-

tion, its failure to produce them on notice warranted the admission of secondary evidence. *Thayer* v. *Middlesex Ins. Co.* 10 Pick. 326. *Narragansett Bank* v. *Atlantic Silk Co.* 3 Met. 282. If they had passed into the hands of its assignees in bankruptcy, who were not parties to this action, either party might prove them by registry copies. *Samuels* v. *Borrowscale*, 104 Mass. 207.

The fact that the right to exist and act as a corporation was conferred on the defendant by the Legislature under a general law, instead of a special charter, does not affect the nature or duration of the franchise granted, or the mode in which it may be dissolved. As soon as the corporation had made and filed the certificate required by law, it became, and continued to be, so long as it existed, subject to suits to enforce its debts. *Hawes* v. *Anglo-Saxon Petroleum Co.* 101 Mass. 385. *First National Bank of Salem* v. *Almy*, 117 Mass. 476.

Its officers and stockholders could not be charged with its debts, without a judgment against the corporation, and a demand and return upon the execution, in strict compliance with St. 1862, *c.* 218, § 3, reënacted in St. 1870, *c.* 224, §§ 40, 42. *Priest* v. *Essex Manuf. Co.* 115 Mass. 380.

The bankruptcy of the corporation and the proof of the plaintiff's claim against its estate did not dissolve the corporation, or prevent the plaintiff from recovering judgment against it, for so much of his debt as remained unpaid, for the purpose of charging its officers and stockholders therewith. *Coburn* v. *Boston Papier Maché Co.* 10 Gray, 243. *Johnson* v. *Somerville Dyeing & Bleaching Co.* 15 Gray, 216. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267.

Section 37 of the bankrupt act of 1867 provides that no discharge shall be granted to any corporation or joint stock company, or to any person as officer or member thereof. The provision of § 21, that no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit against the bankrupt, until the question of his discharge shall have been determined, is therefore inapplicable. And the previous clause of the same section, as to the effect of proof in bankruptcy upon the right to maintain an action, is also inapplicable to this case; because the debt would not be discharged by the

proceedings in bankruptcy; and this action was brought after the commencement of such proceedings, and not for the purpose of reaching any assets of the corporation, but as a necessary step towards charging the officers and stockholders, whom § 37 expressly declares shall not be discharged. *Allen* v. *Soldiers' Messenger & Dispatch Co.* 4 Bankr. Reg. 537. *Ansonia Brass & Copper Co.* v. *New Lamp Chimney Co.* 53 N. Y. 123. In *Bennett* v. *Goldthwait*, 109 Mass. 494, on which the defendant relies, the bankrupt was not a corporation, and the action was brought before the commencement of proceedings in bankruptcy.

The St. of 1870, *c.* 224, § 69, repealing the former statutes under which this corporation was organized and made liable to suit in this form for the purpose of charging its officers and stockholders, expressly provides that the repeal shall not impair any right already acquired or liability incurred under existing laws, and covers this case. *Thayer* v. *New England Lithographic Co.* 108 Mass. 523.

The dissolution of this and other corporations by name in the St. of 1872, *c.* 354, § 1, is declared to be subject to the provisions of the Gen. Sts. *c.* 68, §§ 36, 37, by which all corporations, whose charters expire or are annulled in any manner, are continued bodies corporate for three years afterwards, for the purpose of prosecuting and defending suits and winding up their affairs. And § 2 provides that nothing in this act shall be construed to affect any suits then pending or afterwards brought for any liability then existing against the officers or stockholders thereof.

*Exceptions overruled.*