LEWIS L. DRAPER vs. INHABITANTS OF HATFIELD.

Hampshire. Oct. 5, 1877. — Feb. 28, 1878. LORD, J., absent.

A person may change his domicil from one town to another, merely because he wishes to diminish the amount of his taxes.

In an action against a town to recover the amount of a tax, assessed on the personal property of the plaintiff on the first day of May in a certain year, and paid under protest, it appeared that, in the March preceding, the plaintiff left the town. The jury were instructed that if he did not leave in good faith, with a view of acquiring a domicil elsewhere, his domicil would remain in that town; and that the fact that he was not taxed that year in the town to which he contended that he removed, and all his acts to prevent a disclosure or discovery, by the assessors of that town, of his residence there, might be considered as bearing on the question whether he removed in good faith. Held, that the town had no ground of exception.

In an action against a town to recover back a tax assessed on the personal property of the plaintiff, who contended that he was not an inhabitant of the town on the day the tax was assessed, the defendant excepted to the exclusion of evidence that, after the tax was assessed, the plaintiff sought an interview with the assessors, and said he wanted no trouble, and would pay one half the tax assessed, if they would abate the rest. Held, that the evidence related to an offer of compromise merely, and was rightly excluded.

In an action against a town to recover back a tax, the issue was whether the plaintiff was an inhabitant of the town on the first day of May. The town offered in evidence office copies of deeds to the plaintiff, made in March and April of that year, after the date when he contended that he had removed from the town, and in which he was described as of that town. Held, that, no notice having been given to the plaintiff to produce the originals, the copies were properly excluded.

CONTRACT to recover the amount of a tax, assessed by the defendant town on the personal property of the plaintiff on May 1, 1875, and paid by the plaintiff under protest. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions in substance as follows:

There was evidence tending to show that the plaintiff changed his domicil from the town of Northampton to Hatfield, in the spring of 1874, and that he was taxed as a resident of Hatfield for the year 1874, which tax he paid.

The only matter in controversy at the trial was as to the domicil of the plaintiff on May 1, 1875. The plaintiff contended that he moved all of his articles of furniture and other property from Hatfield to Northampton in the early part of March, 1875, and that, at that time, it was his intention to change his domicil

from Hatfield to Northampton, and that, from that time, he considered his domicil to be in Northampton.

It appeared in evidence that on April 11, 1875, the plaintiff gave notice to the assessors of Hatfield that he had removed from Hatfield and was 'not taxable in that town in the year 1875, and that on April 13 he went to California, arriving there the latter part of May, and returned to Northampton some time during the month of August of the same year.

The defendant introduced evidence tending to show that the plaintiff's removal from Hatfield was not for the purpose of changing his domicil to Northampton, but for the purpose of inducing the assessors of Hatfield to assess him for a less amount; and offered to show that the plaintiff, after he returned from California, sought an interview with the assessors of Hatfield, and told them that he wished no trouble, and would pay one half of the tax they had assessed upon him, if they would abate the other half.

The defendant also offered in evidence office copies of mortgage deeds, to show that on March 30, 1875, and on April 5, 7, and 30, 1875, the plaintiff took such mortgage deeds from different parties, in which he was described as " of the town of Hatfield; " all of which evidence was excluded.

There was evidence tending to show that the plaintiff intended to evade taxation by the town of Northampton for the year 1875, but intended, on account of his absence on his trip to California, to contend that he was not taxable in the town of Northampton; and he was not taxed by the town of Northampton for the year 1875.

The defendant asked the judge to rule " that if the plaintiff's acts, upon which he relies to show his change of residence to Northampton, were done with a view to evade the payment of taxes in both towns, then they would not avail him in the present action, and the defendant would be entitled to a verdict."

The judge declined so to rule, but instructed the jury as follows : " If the plaintiff's leaving Hatfield was not *bonâ fide* with a view of acquiring a domicil in Northampton or any other town ; but if he had in view not acquiring a domicil in any town in the state on the first day of May, 1875, then his domicil would

remain in Hatfield, for the purpose of taxation, and he cannot prevail in this action.

"If the plaintiff left Hatfield with a view of going to California, without any definite purpose as to where he would settle down, and his stay in Northampton was incidental merely to his journey, and he was an itinerant at the time, rather than a permanent resident, then the plaintiff cannot recover.

"If the plaintiff, having had in March, 1875, a domicil in Hatfield, left that town with a fixed purpose not to return or have a home there, and went to Northampton and there resided, with a fixed purpose to have his home there, then and afterward, for a definite or indefinite time, his residence in Hatfield was abandoned and a domicil in Northampton acquired for all the purposes of taxation. A temporary absence from Northampton, after the plaintiff had thus fixed his domicil there, for the purposes of business, health or pleasure, although intended before he left Hatfield, would not interrupt or break the continuity of such a domicil in Northampton, if during such absence the purpose of returning to Northampton and having his home there remained unchanged. The failure of the plaintiff to be in Northampton on May 1, 1875, or to notify the assessors of Northampton of a change of his domicil to Northampton, or the fact that the plaintiff had no taxes assessed upon his personal property or poll in Northampton in 1875, or his escape from the payment of any such taxes in Northampton in 1875, or any acts of the plaintiff, tending to prevent a disclosure to or discovery by the assessors of Northampton of his residence or domicil there, before or on May 1, 1875, are not decisive of the plaintiff's acquisition of a domicil in Northampton, before or on May 1, 1875, but they are circumstances which the jury may consider, in determining whether the plaintiff acted in good faith in leaving Hatfield, in coming to Northampton, residing and returning there, having a purpose thus to acquire a domicil in Northampton, in the exercise of his legal right to elect his domicil, for the purposes of taxation, upon any consideration, personal or public, which affected his estate or pleasure."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. H. Bond*, for the **defendant.**

*W. G. Bassett*, for the plaintiff.

COLT, J. It is well settled that a man may change his habitancy or domicil from one town to another, merely because he wishes to diminish the amount of his taxes. If he really intends to change his residence, and does change it, the motive which prompts him to do so is not material. The St. of 1864, *c.* 172, which imposes a penalty on any one " who shall escape taxation by wilfully and designedly changing or concealing his residence, or by any other act, with the intent so to escape," implies that one may change his residence, even for such purpose. The change of residence is not prohibited; it is the escaping taxation that is punished. It is entitled "An act to prevent fraudulent evasions of taxation," and does not deprive any man of the liberty to reside where he pleases. *Lyman* v. *Fiske*, 17 Pick. 231.

The instructions given on this point were sufficiently favorable to the defendant. The judge ruled that if the plaintiff did not leave Hatfield in good faith, with a view of acquiring a domicil elsewhere, then his domicil would remain in that place; and the jury were told that the fact that he was not taxed in Northampton, and all his acts to prevent a disclosure or discovery of his residence there by the assessors of that town, might be taken into consideration by them, as bearing on the good faith of the plaintiff in removing from Hatfield to that place. Under the instructions given, the jury must have found that the plaintiff resumed his former residence in Northampton in good faith, prior to the first day of May, 1875; and the instruction requested was properly refused.

The conversation had with the assessors of Hatfield, after the assessment of this tax upon him, in which he said he wanted no trouble, and would pay one half of the tax if they would abate the other half, was plainly an offer of compromise, made to settle a pending controversy. It was an offer to pay money only for the sake of peace, and contained no admission of any collateral, independent fact. *Gerrish* v. *Sweetser*, 4 Pick. 374.

The office copies of mortgage deeds, offered in evidence to show that the plaintiff took deeds in which he was described as of Hatfield, were rightly excluded. These deeds, it is to be presumed, were in the possession of the plaintiff; and secondary evidence of their contents could not be put in without notice to

him to produce the originals. The rule, which, under our prac tice, admits office copies of deeds to be put in evidence, does not apply to deeds which are presumed to be in the possession or control of the other party. *Commonwealth* v. *Emery*, 2 Gray, 80. *Samuels* v. *Borrowscale*, 104 Mass. 207.

*Exceptions overruled.*