Nettie E. Higgins *vs.* John Shepard & others.

Suffolk.    November 10, 1902. — January 5, 1903.

Present: Knowlton, C. J., Morton, Lathrop, & Hammond, JJ.

*Evidence,* Admissions.    *Contract.*

An offer of compromise is not admissible as an admission of liability.

Upon the issue of the terms of an oral contract, the question is not what the respective parties understood the contract to be, but what they ought to have understood it to be in view of what was said and done, under the circumstances in which they were placed.

Contract, by a woman employed as a buyer in the underwear department of the dry goods store of the defendants, for a balance of salary, alleging that the plaintiff was employed for a year at a salary of $800, and that the defendants discharged her without cause before the expiration of the year. Writ dated July 18, 1898.

The answer was a general denial. At the trial in the Superior

Court before *Hopkins*, J., the jury returned a verdict for the plaintiff. The defendants presented a bill of exceptions, which the judge refused to allow in the form in which it was presented. Later, after the death of *Hopkins*, J., a commissioner was appointed before whom the defendants' exceptions were proved.

The following rulings, requested by the defendants and refused by the judge, are referred to in the last two paragraphs of the opinion:

"1. That if there was no express stipulation, either written or oral, which fixed the time for the continuance of the employment of the plaintiff by the defendants, that element depended upon the understanding and intent of the parties. This can be ascertained only from their written and oral negotiations, the usages of the business, the situation of the parties, the nature of the employment, and all the circumstances of the case.

"2. The burden is upon the plaintiff to satisfy the jury, by a fair preponderance of the evidence, that the understanding and intent of both parties was common and mutual on the point that the employment was for the full term of one year from October 4, 1897. The jury must be satisfied that not only did the plaintiff have this understanding and intent, but also that the defendants had the same understanding and intent.

"3. That if the jury should find it was a contract by the year, then it might be terminable within the year, upon notice by one of the parties to the other; that, in the absence of express agreement, this condition is inferable, as a part of the contract, from the negotiations of the parties, or from usage known to them, and understood to be applicable to similar contracts relating to similar employment."

*J. J. Higgins*, for the defendants.

*R. Levi*, for the plaintiff.

KNOWLTON, C. J. This is an action to recover a balance of salary claimed by the plaintiff. The plaintiff contended that she was hired by the defendants to serve as buyer in one of the departments of their dry goods business for the term of one year beginning on October 4, 1897, at a salary of $800 per year, payable in monthly instalments. There was no dispute that she was discharged on July 1, 1898, and the question controverted before the jury was whether the contract was absolute for one

year, or whether it was a contract that would end at any time when either of the parties chose to terminate it.

The evidence tended to show that the defendants expressed dissatisfaction with one of her transactions which occurred about June 15 or June 20, 1898. She testified that Mr. Cole, one of the defendants, said there " was carelessness on her part, and she replied she did not think so ; . . . after some talk, he said he wished her to resign her position ; that she told him she did not see any reason why she should ; that she was hired up to the first of October, 1898, and she did not see any reason why she should resign, and he said he did not understand that she was hired excepting month by month, and she replied that she understood it, and, the way her salary was paid, any one would understand it that way, and that she should not resign ; that an envelope came from the office that evening with a letter and her money for the month of June ; that the envelope contained her salary for June and informed her that her services would be no longer required after the first of July ; that she sent the money back and wrote a letter to Mr. Shepard and told him how her contract was ; . . . that she should not resign and should not accept the money." Precisely when this conversation with Mr. Cole was does not appear, but apparently it was soon after the twentieth of June. The plaintiff testified, against the objection of the defendant, that on June 27 " Mr. Cole came to her and said he wanted to advise her, as a friend, to go away quietly from the store the first of July and not make any trouble about it ; and he said to her, 'We are willing to make a compromise and pay you for the month of July' ; that she told him if he did not owe her for the month of July she did not wish him to pay her, and if he owed her for the month of July he owed her for the three months." The court ruled that this evidence was competent as a part of a conversation between the parties. " The defendant then requested the court to rule, limiting the evidence simply to the matter and talk between the parties, and not for the purpose to prove the liability of the defendants, or to show what the contract was, but the court ruled that if the evidence was competent for any purpose it ought to be admitted." The defendants excepted.

Before this conversation of June 27 a controversy had grown

up between the parties, in which the defendants twice claimed the right to discharge the plaintiff, and undertook to exercise that right by sending the money to her with a letter discharging her at the end of the month. The plaintiff denied their claim, sent back the money, and claimed the right to continue her services and to be paid to the end of the year. The offer of compromise made on June 27 is subject to the ordinary rule that it cannot be used in evidence against the party making it for the purpose of establishing his liability. *Gerrish* v. *Sweetser*, 4 Pick. 374. *Dickinson* v. *Dickinson*, 9 Met. 471, 473, 474. *Upton* v. *South Reading Branch Railroad*, 8 Cush. 600. *Gay* v. *Bates*, 99 Mass. 263. *Draper* v. *Hatfield*, 124 Mass. 53. It is difficult to see how any part of the conversation was material, inasmuch as the defendants did not deny, except by their pleadings, that the plaintiff was discharged from their service. But if the conversation was competent upon that issue, the defendants' request that the offer of compromise should not be used in support of the plaintiff's version of the contract ought to have been granted. We understand the answer of the judge to have been a refusal to grant this request. We are of opinion that this evidence should not have been submitted to the jury generally, in view of the defendants' objection and request, and that the exception should be sustained.

The exception to the refusal to admit the letter must be overruled. It was not open to the defendants, upon the pleadings, to show misconduct of the plaintiff, and there is nothing in the letter tending to contradict her.

We are also of opinion that the defendants' requests for instructions to the jury were rightly refused. In the absence of any express stipulation in the contract, the question was not what was the understanding of the respective parties in fact, but what ought to have been their understanding in view of what was said and done under the circumstances in which they were placed.

It could not be said as a matter of law that " the jury should find it was a contract by the year," or that there was a condition inferable that it was terminable within the year upon notice by one of the parties to the other. What the conditions were was a fact to be ascertained from all the evidence.

*Exceptions sustained.*