Mulligan, ).
This is a contract action in which the plaintiff sought to recover for goods sold and delivered to the defendant. The defendant, in its answer, denied the corporate existence of both parties.
At the trial, there was evidence that the plaintiff and defendant companies had done business for a number of years, the defendant was in the business of manufacturing concrete pipe and that the plaintiff was in the business of supplying the defendant with concrete. A witness for the plaintiff testified that he was the vice president of sales for the plaintiff corporation. The defendant’s witness testified that he was the president of Hume Pipe Corporation.
The court found that both the plaintiff and the defendant were corporations. The defendant contends that the finding of the corporate status was unsupported by sufficient evidence. We disagree.
The question of the corporate existence of a party has been governed since July 1, 1975 by Mass. R. Civ. P., Rule 9(a).[1] The rule provides that the party raising the issue of legal existence or capacity “shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader’s knowledge.”
In Edgcomb Steel of New England v. Salvo & Armstrong Steel Co., Inc. Mass. Adv. Sh. (1980) 1665, the court noted that it is arguable whether a mere denial of corporate existence and a demand for proof, (the way the defendant pleaded in this action), satisfies the requirements of Rule 9(a).[2]
Although corporate status is often proven by attested or certified copies of public records, Chamberlin v. Huguenot Manufacturing Co., 118 Mass. 532, 536 (1875), it can also be established by reputation and use of the powers of a corporation. Narragansett Bank v. Atlantic Silk Co., 44 Mass. (3 Met.) 282, 288, (1841); Stockbridge v. West Stockbridge, 12 Mass. 400, 401 (1815).
A recent decision dealt with the sufficiency and type of evidence upon which a finding of corporate existence could be based. In a contract action for goods sold and delivered, where the defendant’s answer denies corporate existence and demands proof of that fact, oral testimony was held to provide a sufficient basis for finding of corporate status. ‘ ‘The *16 uncontroverted testimony by the plaintiffs employee, although not compelling or overwhelming was sufficient to support the judge’s finding in the plaintiff’s favor on the latter’s corporate existence ...Edgcomb Steel of New England, supra, 1666.
Accordingly, in this case, the unrebutted testimony of the respective officers of the plaintiff and defendant constituted an adequate basis for the trial judge to find that both were corporations.

Report dismissed.

 G.L. c. 231, §30, which required a special demand for proof to challenge the corporate status of a party, was repealed by St. 1975, c. 377, §77.

 For interpretations of Fed. R. Civ. P., Rule 9(a), suggesting that more than mere denial is required, see: 5 C. A. WRIGHT & A.R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1294 (1969); Marsion v. American Employers Insurance Co., 439 F. 2d 1035, 1041 (1st cir. 1971).