Swan, J.
Deutsche Bank National Trust Company (“Deutsche Bank”)[3] commenced this summary process against Maurice Belfleur and Marise Belfleur (“the Belfleurs”)[4] for possession of a unit in a two-family home at 19-21 Clayton Street in Malden (“premises”). The Belfleurs prevailed at a jury-waived trial, and Deutsche Bank has appealed.
As reflected in the trial judge’s written findings, the Belfleurs and Louis Itacy[5] granted a mortgage of the premises to New Century Mortgage Corporation, which later assigned the mortgage to Deutsche Bank. The assignment to Deutsche Bank was signed by Barclays Capital Real Estate, Inc., d/b/a HomEq Servicing (“Barclays”), as attorney in fact for New Century Mortgage Corporation, and later recorded at the registry of deeds. The Belfleurs resided in unit 2 of the premises.[6]
The Belfleurs acknowledged in writing that they had not paid their mortgage for eleven months. Deutsche Bank foreclosed by the exercise of the statutory power of sale, pursuant to G.L.C. 244, §14, and the premises were sold at public auction to Deutsche Bank. The sale was evidenced by a G.L.c. 244, §15 affidavit executed by Noriko Colston (“Colston”), an assistant secretary for Barclays, this time acting in its capacity as attorney in fact for Deutsche Bank. The affidavit states that Colston caused a notice of sale to be published, that she mailed the required notice under G.L.c. 244, §14, and that the auction was held on a rescheduled date. On March 22, *94 2010, a foreclosure deed to Deutsche Bank was executed by Colston and another assistant secretary of Barclays, again as attorney in fact for Deutsche Bank. The Belfleurs were served subsequently with a notice to quit. No evidence was presented as to the holder of the mortgage note at the time of the foreclosure sale.
The trial court held that in order to foreclose a mortgagor’s right of redemption, the note and mortgage must first be “re-united.” In Eaton v. Federal Nat’l Mtge. Ass’n, 462 Mass. 569 (2012), the Supreme Judicial Court held that a “mortgagee,” entitled to foreclose under G.L.c. 244, §14, must be either a mortgagee who also holds the underlying mortgage note or one who, although not the note holder, acts as the authorized agent of the note holder, to stand “in the shoes” of the “mortgagee.” Id. at 584-586. Indeed, with commendable prescience, the trial judge in this case relied on the Superior Court’s holding to that effect in Eaton, the appeal of which was pending at the time in the Supreme Judicial Court. Noting, however, that “lawyers and others who certify or render opinions concerning real property titles have followed in good faith a different interpretation of the relevant statutes, viz., one that requires the mortgagee to hold only the mortgage, and not the note, in order to effect a valid foreclosure by sale,” the Supreme Judicial Court gave its ruling prospective effect. The Court stated that the interpretation of the term “‘mortgagee’ in G.L.c. 244, §14, and related statutory provisions” is a “new common-law rule” and thus “is to apply only to mortgage foreclosure sales for which the mandatory notice of sale has been given after the date of [the] opinion” (emphasis added), to wit, June 22,2012. Id. at 588-589. The notice of sale was given to the Belfleurs well before that date. Accordingly, the judge’s ruling for the Belfleurs on the basis of the Eaton rule must be reversed, and the case returned to the Malden District Court for a new trial.
Deutsche Bank, over the opposition of the Belfleurs, has made the unusual request that instead of ordering a new trial, we should enter judgment for Deutsche Bank because its title, and therefore its right to possession, were proved on the basis of Federal Nat’l Mtge. Ass’n v. Hendricks, 463 Mass. 635, 642 (2012) and Deutsche Bank Nat’l Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 567-568 (2012), rev. denied, 462 Mass. 1107 (2012). Because the trial judge may not have had a full opportunity to pass on all issues involved, we decline Deutsche Bank’s request.
Judgment for the defendants is vacated, and the case is returned to the Malden District Court for a new trial.
So ordered.

 Deutsche Bank acted, according to the pleadings, as Trustee. In the relevant documents in the record appendix, Deutsche Bank acted at all times as Trustee under Pooling and Servicing Agreement dated as of April 1, 2006 Morgan Stanley ABS Capital 1 Inc. Trust 2006-NC3 Mortgage Pass-through Certificates, Series 2006 NC3.

 Joelle Belfleur and Olga Belizaire were also named as defendants, but were defaulted.

 The judge found, ‘There is no information as to Louis Itacy, the other mortgagor.”

 Unit 1 is a rental unit, and no evidence was presented regarding its status.