R. L. POLK & CO. *vs.* LIVING ALUMINUM CORP.
(and a companion case[1]).

Suffolk.    February 15, 1973. — March 15, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence,* Order of evidence, Judicial discretion, Evidence de bene, Presumptions and burden of proof, Evidence of payment, On recross-examination, Offer of proof. *Error,* Whether error shown. *Practice, Civil,* New trial.

At the trial of an action to recover on invoices allegedly unpaid, the admission in evidence de bene of numerous checks of the defendant cashed by the plaintiff, subject to the defendant's connecting them to such invoices, was within the judge's discretion, and there was no error in his striking the checks as exhibits at the conclusion of the evidence when the defendant failed to establish their relevancy. [171-172]

On a record disclosing no information as to the subject matter of the redirect examination of a witness for the plaintiff at a trial, no error appeared in the exclusion of a question of the defendant to that witness on recross-examination. [172]

An exception to the exclusion of a question on redirect examination of a

_____

[1] R. L. Polk & Co. *vs.* Living Vinyl Corp.

witness at the trial of an action, in the absence of an offer of proof, brought no issue to this court. [173]

A motion for a new trial of an action, filed without specification of any grounds therefor, did not meet the requirements of Rule 54 of the Rules of the Superior Court (1954), and was properly denied. [173]

TWO ACTIONS OF CONTRACT. Writs in the Superior Court dated December 18, 1970.

The actions were tried before *Frank E. Smith,* J.

*Edgar Brenc (Philip L. Cohen* with him) for the defendants.

*Charles R. Parrott* for the plaintiff.

HALE, C.J.   The plaintiff brought separate actions in contract seeking to recover from each of the defendants for services rendered by the plaintiff to the defendants and for expenses incurred in their behalf in conducting a direct mail advertising campaign for the defendants, which are in the home improvement business. The defendants answered by general denials and pleas of payment. The cases were tried together in the Superior Court. A jury returned verdicts against the defendant Living Aluminum Corp. (Aluminum) for $26,863.31 and against the defendant Living Vinyl Corp. (Vinyl) for $5,642.18. The cases come to us upon a consolidated bill of exceptions.

The plaintiff and the defendants did business over a period of five years (1966-1970). It appears from the record that as services were rendered invoices were sent to the defendants. These actions were brought to recover on certain of these invoices which were unpaid.[2] The plaintiff's claim against Aluminum was based on seventeen invoices sent out over the period from June through November of 1970, in the total amount of $26,863.31. The claim against Vinyl was based on six invoices issued from February through June of 1970, in the total amount of $5,642.18.

At the trial, Aluminum offered in evidence eleven checks in varying amounts issued between June 8, 1970, and

---

[2] The record does not inform us how many separate invoices were rendered over the five-year period. Total billings were approximately $204,300, of which $56,300 was billed in 1970.

August 24, 1970. The checks totalled $25,497.88 and were cashed by the plaintiff. None of the checks bore any indication as to the invoices to which they were to be applied. The checks were admitted de bene, subject to being connected to the invoices alleged to be unpaid. At the conclusion of the evidence, they were struck as exhibits upon the motion of the plaintiff. Aluminum excepted to the admission of the checks conditionally and also to their being struck as exhibits. The order of the presentation of evidence is within the sound discretion of the trial judge, *Boyd* v. *Lawrence Redevelopment Authority,* 348 Mass. 83, 84, as is the admission of evidence de bene. *Ellis* v. *Thayer,* 183 Mass. 309, 310. The burden of proving payment of the invoices in issue by the proffered checks was upon the defendants. See *Threlfall* v. *Coffee Roasters Products, Inc.* 306 Mass. 378, 380. The record in this case is devoid of any evidence revealing that the relevancy of these checks was in any way established. The judge was right in allowing the motion to strike this evidence.

On direct examination, a plaintiff's witness had testified as to the unpaid invoices and on cross-examination had been questioned concerning the eleven checks which are discussed above. The record discloses no information as to the subject matter of the redirect examination. On recross-examination, the defendants' attorney asked this witness "whether or not the services rendered by the plaintiff company would be completed if any items supplied by the plaintiff were not mailed as requested." The question was excluded and the defendants' exception noted. This case is particularly appropriate for the application of the principle that the extent of cross-examination is within the discretion of the trial judge. *Commonwealth* v. *D'Agostino,* 344 Mass. 276, 278. *Davis* v. *Hotels Statler Co. Inc.* 327 Mass. 28, 30. It is in the discretion of the trial judge to limit recross-examination to new matters adverted to on redirect examination. *Commonwealth* v. *Gordon,* 356 Mass. 598, 602. See Wigmore, Evidence (3d ed.) § 1897 (1). There was no error.

After the plaintiff had rested, the defendants called as a

witness one Morton L. Cohen, who had been the sales representative of the plaintiff during the time periods covered by the plaintiff's declarations. On cross examination Cohen read into evidence a letter dated January 12, 1971, which was also marked as an exhibit, all without objection by the defendants. This letter, which was apparently a plaintiff's interoffice memorandum, was addressed to one Julian Haydon, with copies to Richard N. Holloway, the plaintiff's branch manager, and another, and dealt with the history of the defendants' accounts and dealings with the plaintiff. On redirect examination the defendants' attorney asked whether or not it was true that he had given the letter to his "boss," Holloway, before he left the plaintiff's employ. The question was excluded by the judge, who noted that the letter spoke for itself. The defendants excepted but did not make an offer of proof. Without such an offer, we have no way of knowing whether the answer would have been relevant and whether there was error in excluding the question. *Commonwealth* v. *Subilosky,* 352 Mass. 153, 167. *Commonwealth* v. *Kleciak,* 350 Mass. 679, 693, and cases cited.

Five days after the verdicts were entered, the defendants filed motions for a new trial without specifying any grounds. The motions were "denied as not in proper form." The motions did not meet the requirement of Rule 54 of the Superior Court (1954)[3] that a motion for a new trial shall specify the grounds therefor and for this reason were properly denied. G. L. c. 231, § 127.

*Exceptions overruled.*

---

[3] "A motion for a new trial shall specify the grounds thereof....

"No motion for a new trial shall be allowed in a civil action after verdict, on account of any opinion or ruling of the judge given in the course of the trial, or because the verdict is against evidence or the weight of evidence, or because the damages are inadequate or excessive, unless filed within three days after the verdict is returned."