In the underlying action, a homeowner sought to raise various claims in Superior Court with regard to the foreclosure of his property. The current appeal is the second one that has come before us. The earlier appeal was of a "judgment" in the homeowner's favor on two of his seven counts (without resolving the other five counts). In a memorandum and order issued pursuant to our rule 1:28, we vacated that judgment based in part on the preclusive effect of an earlier Housing Court judgment. Farmer v. Federal Natl. Mort. Assn., 87 Mass. App. Ct. 1121 (2015) (Farmer I ).[3] We remanded the case "for further proceedings in the Superior Court consistent with [that] memorandum and order." On remand, a Superior Court judge allowed the defendants' motion for summary judgment and entered judgment in their favor on all counts. On the homeowner's new appeal, we affirm.
Background. Plaintiff Dennis Farmer owned property in Boston subject to a mortgage. After Farmer stopped making mortgage payments, the record holder of the mortgage, defendant Bank of America, N.A. (BANA), foreclosed on the property. BANA purchased the property at a foreclosure sale held on August 19, 2011, and assigned its interest to defendant Federal National Mortgage Association (Fannie Mae). After Farmer refused to leave, Fannie Mae brought a summary process action against him in Housing Court. In that action, Farmer challenged the validity of the foreclosure in various respects. A Housing Court judge ruled in Fannie Mae's favor, and a judgment of possession entered on July 10, 2012.[4] The same judge subsequently denied a motion for postjudgment relief that Farmer filed pursuant to Mass.R.Civ.P. 60(b), 365 Mass. 828 (1974).
Farmer brought no timely appeal of the Housing Court judgment or rule 60(b) ruling. Instead, he filed a seven-count action in Superior Court, through which he sought to challenge the foreclosure and to recover damages. Counts VI (quiet title) and VII (declaratory judgment) went directly to whether Farmer held a superior interest in the property compared to the defendants. In a memorandum and order dated May 2, 2013, a Superior Court judge ruled in Farmer's favor as a matter of law with regard to these counts (the title-based claims).[5] Specifically, after determining that two underlying assignments of the mortgage were invalid,[6] she invalidated the foreclosure deed from BANA to Fannie Mae, and declared that "Farmer's interest in the property is superior to any interest claimed by each and every one of the defendants in this case." A judgment to that effect entered on August 19, 2013. The judgment left counts I through V of the amended complaint unresolved.[7]
All of the defendants appealed, and they filed a joint brief. Although defendants BANA and BAC Home Loans Servicing, LP (BAC) joined in the substantive arguments raised by the other defendants, they also raised an additional argument, namely that judgment should not have entered against them because they were not parties to the motion proceedings on which judgment was entered.[8]
In Farmer I, we noted that because no separate and final judgment had entered pursuant to Mass.R.Civ.P. 54(b), 365 Mass. 820 (1974), "there [was] a serious question whether the appeal [was] properly before us." Nevertheless, "[b]ecause the issues ha[d] been fully briefed and argued by the parties, and no useful purpose would [have been] served at [that] point by requiring additional proceedings below, we exercise[d] our discretion to reach the merits."
On the merits, we held that Farmer's title-based claims were barred by res judicata based on the earlier Housing Court judgment. Specifically, we concluded that the "alleged defects in the foreclosure process" that Farmer had sought to raise-"the jurisdiction and authority of BANA to foreclose, the validity of the assignments [of the mortgage], and the alleged noncompliance with G. L. c. 244, § 14"-"were or should have been raised in the Housing Court proceeding." See Federal Natl. Mort. Assn. v. Rego, 474 Mass. 329, 339 (2016) (where defendant in postforeclosure summary process action raises affirmative defenses or counterclaims that "challenge the right to possession, the judge must resolve those claims as part of the summary process action"); Santos v. U.S. Bank Natl. Assn., 89 Mass. App. Ct. 687, 695 (2016) ("It is not acceptable for a homeowner mortgagor to seek to force a foreclosing lender to litigate in multiple venues across separate proceedings by unilaterally holding certain claims back from summary process when those claims are within the summary process court's jursidiction and assertedly essential to the determination of superior title"). We went on to conclude that "[i]n any event, even if these issues were properly before the Superior Court judge, there was no merit to them." Having concluded that the defendants were entitled to judgment in their favor on the title-based claims, we vacated the existing judgment and remanded the case to the Superior Court.
On remand, the defendants moved for summary judgment on all counts. A different Superior Court judge ruled that Farmer's being precluded from challenging the foreclosure of his home effectively doomed all of his claims. As that judge stated:
"No matter how artfully pled and argued, Mr. Farmer's claims all arise from a single issue of law: whether the original assignment of the mortgage from [the original mortgagee] to Countrywide was valid, such that each subsequent transfer of the mortgage was also valid and each of the defendants acted lawfully in attempting to enforce it. This question has already been answered for the parties by the Housing Court with a firm 'yes,' and the Appeals Court has specifically held that the answer is binding in this case."
Discussion. The focus of Farmer's appeal is his contention that our earlier memorandum and order does not preclude him from challenging the validity of the foreclosure proceedings. Indeed, his lead argument is simply that the earlier appeal was wrongly decided. In pressing that argument, he passes over the point that our earlier decision established the law of the case, which is binding on us unless revisiting it is necessary to prevent "manifest injustice." King v. Driscoll, 424 Mass. 1, 8 (1996) (King ), quoting from United States v. Rivera-Martinez, 931 F.2d 148, 151 (1st Cir.), cert. denied, 502 U.S. 862 (1991). Having reviewed Farmer's arguments, we conclude that "this is not one of those rare instances where reopening an issue resolved in a prior appeal is necessary to prevent 'manifest injustice.' " Sheppard v. Zoning Bd. of Appeal of Boston, 81 Mass. App. Ct. 394, 397-398 (2012), quoting from King, supra.
In reaching our conclusion, we have considered Farmer's argument that we should revisit our earlier ruling in part based on case law that was published after that ruling. Specifically, Farmer seeks to rely on Pinti v. Emigrant Mort. Co., 472 Mass. 226, 232 (2015) (foreclosure by sale is void if notice of default failed strictly to comply with paragraph 22 of the standard mortgage). Farmer argues that there was no compliance with paragraph 22 of the mortgage here, and that he should be allowed to invoke the Pinti rule because that issue had been raised in the Superior Court action before Pinti was issued.[9] See Federal Natl. Mort. Assn. v. Marroquin, 477 Mass. 82, 87-88 (2017) (mortgagor can take advantage of Pinti rule "where the Pinti issue was timely and fairly raised before" July 17, 2015, date that Pinti was issued). The problem with this argument is that at the point when a Pinti argument was raised in this case, it was already too late to do so in light of Farmer's failure to appeal the Housing Court judgment of possession. Put differently, our resolution of the earlier appeal based on res judicata lies unaffected by the Supreme Judicial Court's subsequent announcement of a new substantive rule in Pinti. It follows that letting the earlier decision stand does not create "manifest injustice."
Farmer additionally argues that even if Farmer I established the law of the case with regard to his claims against other defendants, it did not preclude his title-based claims against BANA and BAC. According to him, BANA and BAC "were not parties to the appeal that was previously decided by this court," and therefore "[a]ny decision in that case has no bearing on this [current] appeal." This argument fails on both the facts and the law. By its express terms, the August 19, 2013, judgment that was the subject of the earlier appeal was binding on all defendants, and BANA and BAC were full parties to that appeal. Farmer has provided no valid reason why our earlier ruling that his title-based claims failed as a matter of law is not binding on him with respect to all defendants (particularly where Fannie Mae's claim to title depended on BANA's holding a valid mortgage).[10] The fact that judgment never should have entered against BANA and BAC for an additional reason (namely, that they were not parties to the underlying motions on which the judgment was based) is beside the point.
In sum, we decline to reopen our earlier memorandum and order, which precludes Farmer from claiming that the foreclosure proceedings somehow were invalid. Without his being able to challenge that, he is unable to demonstrate how his specific claims against the defendants can survive. In other words, the viability of his claims depends on a premise that we have rejected.[11] We therefore affirm the judgment.[12]
So ordered.
Affirmed.

The Supreme Judicial Court denied further appellate review. Farmer v. Federal Natl. Mort. Assn., 472 Mass. 1109 (2015).

In our earlier memorandum and order, we summarized what was before the Housing Court judge as follows:
"Ruling on Fannie Mae's motion for summary judgment, a judge of the Housing Court concluded that BANA, the undisputed mortgage holder at the relevant times, strictly complied with the publication and notice requirements of G. L. c. 244, §§ 14 & 15 ; the foreclosure deed executed and delivered by BANA to Fannie Mae 'conveyed good, clear, and marketable title to the property'; and that Fannie Mae's right to possession, as postforeclosure owner, was superior to any interest held by Farmer."

The ruling came on an initial round of dispositive motions: Farmer's motion for partial summary judgment and motions to dismiss filed by the four original defendants (which the judge treated as one for summary judgment). BANA and BAC Home Loans Servicing, LP were not named in the original complaint, but were instead added through an amended complaint. Farmer's motion to amend the complaint was allowed while the summary judgment proceedings involving the other parties were pending.

One was the assignment from Mortgage Electronic Registration Systems, Inc. (who had held the mortgage on behalf of Omega Mortgage Corp., the original mortgagee) to Countrywide Home Loans, Inc. (Countrywide), and the other was from Countrywide to BAC Home Loans Servicing, LP (BAC). BANA acquired the assets of BAC in a merger.

Counts I and II alleged unfair debt collection practices, count III alleged a violation of G. L. c. 93A, § 9, count IV alleged trespass, and count V alleged intentional infliction of emotional distress.

See note 4, supra.

Farmer did not raise compliance with paragraph 22 in his Superior Court amended complaint. However, during the motion proceedings, the judge herself raised the issue, after which Farmer embraced it.

Farmer appears to maintain that he can be bound by the preclusive effect of the Housing Court judgment and our earlier ruling with regard to his claims against BANA and BAC only if they were parties to the earlier appeal. That premise is in error. See Home Owners Fed. Sav. & Loan Assn. v. Northwestern Fire & Marine Ins. Co., 354 Mass. 448, 455 (1968) ("We now hold that one not a party to the first action may use a judgment in that action defensively against a party who was a plaintiff in the first action on the issues which the judgment decided").

We need not address the particulars of his claims, because Farmer has not in fact argued that these claims survive if he is precluded from challenging the foreclosure.

Farmer's request for costs is denied.