WOLOHOJIAN, J.
*800 The two issues before us are (1) whether an affidavit of sale was erroneously excluded from evidence at trial *801 in this summary process action, and (2) whether the defendants timely and fairly raised the issue of whether the plaintiff had complied with paragraph 22 of the mortgage. We conclude that the affidavit was erroneously excluded from evidence, and a limited retrial on the subject matter of the affidavit is required. We also conclude that, although the paragraph 22 issue was not timely and fairly raised in the trial court such as to entitle the defendants to the retroactive benefit of the rule announced in Pinti v. Emigrant Mtge. Co., 472 Mass. 226, 240, 33 N.E.3d 1213 (2015), for reasons we explain further below, we remand the issue of the plaintiff's compliance with paragraph 22 for retrial as well.
The plaintiff, Federal Home Loan Mortgage Corporation (Freddie Mac), brought the underlying summary process action against the defendants, who continued to live in a property on Nantucket after they had defaulted on their loan obligations. Freddie Mac claimed superior right of possession to the property by virtue of a series of events we describe in the margin, which culminated in Freddie Mac claiming possession by virtue of a foreclosure deed.[2]
*1203 We need highlight only one additional fact here: Freddie Mac's predecessor in interest, Provident Funding Associates, L.P. (PFA), recorded the foreclosure deed on June 12, 2012, which included, among other things, an affidavit of sale certifying compliance with G. L. c. 244, § 14. See G. L. c. 244, § 15 (requiring recording of affidavit of sale).
On the first day of the bench trial, the defendants, relying on Mass. R. Civ. P. 12 (f), 365 Mass. 754 (1974), filed a motion to strike the affidavit of sale. Their reliance on that rule was misplaced because rule 12 (f) provides only a mechanism by which *802 to strike certain materials[3] from pleadings.[4] It does not provide a mechanism by which to exclude potential evidence from trial, as the defendants sought to do here. Compare Rattigan v. Wile, 445 Mass. 850, 863, 841 N.E.2d 680 (2006) ("A pretrial memorandum is not a pleading"). Thus, although the motion was brought as a motion to strike, it should have been brought as a motion in limine to exclude evidence; nonetheless, to avoid confusion and because our standard of review is the same regardless of the nomenclature, we shall refer to the motion as it was styled by the defendants below. See N.E. Physical Therapy Plus, Inc. v. Liberty Mut. Ins. Co., 466 Mass. 358, 363, 995 N.E.2d 57 (2013) (evidentiary decisions are reviewed for abuse of discretion).
After hearing extensive argument, the judge admitted de bene the affidavit of sale and the foreclosure deed to which it was attached, subject to further consideration of the motion to strike. See R.L. Polk & Co. v. Living Aluminum Corp., 1 Mass. App. Ct. 170, 172, 294 N.E.2d 574 (1973) (order of presentation is within sound discretion of trial judge, as is admission of evidence de bene). See also Harris-Lewis v. Mudge, 60 Mass. App. Ct. 480, 485, 803 N.E.2d 735 (2004) (same).
Freddie Mac thereafter sought to introduce the affidavit of sale and the foreclosure deed fully into evidence through Jim Karanfiloglu, an assistant vice president and legal department manager of PFA who was also custodian of the records. Karanfiloglu had personal knowledge of PFA's business records pertaining to the Nantucket property, including the foreclosure deed and the attached affidavit. He testified that the affidavit was prepared and retained by PFA as a business record "[t]o memorialize the event that occurred and also according to our business practices and investor guidelines." Karanfiloglu also testified that the affidavit was prepared and signed by Edith Cepeda, a foreclosure specialist at PFA, with whom he had worked for several years. Cepeda's job responsibilities included "certifying mortgages that are in default or eligible for referral to foreclosure. She would manage the foreclosure file from start to finish, execute any necessary documents. She is granted the title of assistant vice president to execute foreclosure documents in that *1204 capacity. She's also an *803 appointed MERS [Mortgage Electronic Registration Systems, Inc.,] signing officer as well." Karanfiloglu, who was familiar with Cepeda's signature, identified Cepeda's signature on the affidavit. See Commonwealth v. Ryan, 355 Mass. 768, 770-771, 247 N.E.2d 564 (1969) ("A witness who is familiar with a person's handwriting may give an opinion as to whether the specimen in question was written by that person"). In addition, he testified that Cepeda told him she had signed the affidavit.
At multiple junctures during Karanfiloglu's testimony, Freddie Mac asked that the certified copy of the affidavit of sale (as well as the foreclosure deed of which it was a part), as recorded at the registry of deeds, be admitted. Relying on Federal Nat'l Mtge. Ass'n v. Hendricks, 463 Mass. 635, 977 N.E.2d 552 (2012), and Deutsche Bank Nat'l Trust Co. v. Gabriel, 81 Mass. App. Ct. 564, 965 N.E.2d 875 (2012), Freddie Mac contended that the documents were admissible both as certified copies of public records and as business records. Ultimately, the trial judge struck the affidavit of sale, apparently accepting the defendants' arguments that Hendricks and Gabriel were limited to the admissibility of certified copies of affidavits of sale within the context of summary judgment motions, and that Karanfiloglu did not have personal knowledge of the contents of the affidavit. However, the judge admitted the certified copy of the foreclosure deed. This ruling occurred on the second day of trial, over Freddie Mac's properly preserved objection.
Thereafter, although Freddie Mac presented additional evidence through several witnesses, none bore on the subject matter of the affidavit of sale, namely, compliance with the notice and publication requirements of G. L. c. 244, § 14. Freddie Mac then rested. The defendants -- having succeeded in keeping the affidavit of sale out of evidence -- rested without presenting any evidence, including with respect to their affirmative defenses. They then filed a motion for involuntary dismissal pursuant to Mass. R. Civ. P. 41 (b) (2), 365 Mass. 803 (1974).[5] In addition, in their posttrial request for findings of fact and rulings of law,[6] the defendants argued that there had been a failure to comply with paragraph 22 of the mortgage. See Pinti, 472 Mass. at 240, 33 N.E.3d 1213. This *804 was the first time the Pinti issue had been raised.[7]
The trial judge denied the motion for involuntary dismissal, and entered judgment of possession in favor of Freddie Mac without making written findings or rulings of law. The judge did not award Freddie Mac use and occupancy damages.
The defendants appealed to the Appellate Division of the District Court, see G. L. c. 231, § 108 ; Rule 1(a) of the Dist./Mun. Cts. Rules for Appellate Division Appeal (1994); Crystal Constr. Corp. v. Hartigan, 56 Mass. App. Ct. 324, 330, 778 N.E.2d 915 (2002), arguing that the trial judge erred in denying their motion for involuntary dismissal, and that the trial judge was required (but failed) to make written findings and rulings. The Appellate Division reversed the judge's decision denying the motion for involuntary dismissal and ordered that judgment of possession be awarded in the defendants' favor. The Appellate Division reached that conclusion *1205 on two grounds. First, it concluded that, without the affidavit, Freddie Mac failed to prove that it had complied with the notice and publication provisions of G. L. c. 244, § 14. Second, the Appellate Division concluded that, in any event, Freddie Mac failed to prove that it had satisfied the notice requirements of paragraph 22 of the mortgage. Of note, the Appellate Division did not review the trial judge's decision to strike the affidavit, stating that it believed "the wisdom of the judge's decision [to exclude so much of the foreclosure deed that contained the affidavit of sale] is not before us" and that it was unnecessary to reach the issue in any event because of the alternate grounds of its holding.
This appeal followed, in which Freddie Mac argues (1) that the statutory affidavit was improperly struck, and if the affidavit had been admitted, the evidence was sufficient to prove a prima facie case of Freddie Mac's superior right to possession, and (2) that the defendants waived their paragraph 22 defense by not raising it timely.
1. Statutory affidavit of sale. Freddie Mac argues that the Appellate Division erred in passing over the question of the affidavit's admissibility and, in addition, that the trial judge erred in excluding it. Freddie Mac appears to concede for purposes of this appeal, at least implicitly, that if the affidavit was properly excluded, then the evidence was insufficient to prove its superior right of possession.
*805 There is no doubt that Freddie Mac fully and repeatedly preserved the issue of the affidavit's admissibility at trial, and the defendants do not contend otherwise. Instead, they argue that Freddie Mac failed to preserve the issue before the Appellate Division. This contention rests on two subsidiary assertions: first, that Freddie Mac was required to cross-appeal the adverse ruling on the motion to strike; and second, that Freddie Mac failed to adequately raise the issue in its briefing to the Appellate Division. The first of these two contentions is incorrect; the trial court judgment was in favor of Freddie Mac and there was therefore no reason, or need, for Freddie Mac to appeal (or cross-appeal) from that judgment or the ruling on the motion to strike. Parties "do not need to file a cross appeal unless they are seeking a judgment more favorable to them than the judgment entered below."[8] Brear v. Fagan, 447 Mass. 68, 76 n.7, 849 N.E.2d 211 (2006). And parties who prevail below "may present on appeal any ground which was previously asserted below in support of the judgment" without asserting a cross appeal. Boston Edison Co. v. Boston Redev. Auth., 374 Mass. 37, 43, 371 N.E.2d 728 (1977). Here, as we have noted, the issue was amply preserved at the trial court level and, therefore, Freddie Mac was entitled to raise it on appeal without asserting a cross appeal from the judgment of possession in its favor.
As to the defendants' second contention, we acknowledge that Freddie Mac's brief before the Appellate Division did not contain extensive argument concerning the admissibility of the affidavit of sale. That said, Freddie Mac did argue that the "affidavit of sale was part of the foreclosure deed, recorded together as one document, and should have been admitted per G. L. c. 233[,] § 79A[,] as a certified document," that it was "consistent with the model affidavit contained at Form 12 of the Appendix to G. L. c. 183, [and that it wa]s sufficient to satisfy G. L. c. 244[,] § 14," citing Gabriel, 81 Mass. App. Ct. 564, 965 N.E.2d 875. At two other places in its brief, Freddie Mac contended without elaboration that the striking of the affidavit was error. Although this is not fulsome *1206 appellate advocacy, we think it was enough, see Rule 16(a)(4) of the Dist./Mun. Cts. Rules for Appellate Division Appeal (1994), especially since the Appellate Division was clearly alert to the *806 issue[9] and the issue played such a prominent part in the trial proceedings.[10]
We accordingly turn our attention to the admissibility of the affidavit of sale. As noted above, Freddie Mac sought to introduce a certified copy of the affidavit of sale, which had been recorded with the registry of deeds, as required by G. L. c. 244, § 15. That statute provides, "If the affidavit shows that the requirements of the power of sale and the law have been complied with in all respects, the affidavit or a certified copy of the record thereof, shall be admitted as evidence that the power of sale was duly executed" (emphasis added). G. L. c. 244, § 15 (b ), as appearing in St. 2015, c. 141, § 2. Here, as in Gabriel, 81 Mass. App. Ct. at 569, 965 N.E.2d 875, the affidavit of sale largely tracked the model statutory form contained in G. L. c. 183, Appendix Form 12.[11] ,[12] Therefore, under *807 the mandatory language *1207 of G. L. c. 244, § 15, the trial judge should have admitted the certified copy of the affidavit into evidence.
The defendants also argue, in essence, that the contents of the affidavit are inadmissible hearsay. This argument fails in our view for at least two reasons. First, G. L. c. 244, § 15, provides that a recorded affidavit of sale, provided it sufficiently follows the statutory form, "shall be admitted as evidence that the power of sale was duly executed." This does not mean that the contents of the affidavit are conclusive proof of compliance with G. L. c. 244, § 14, see Hendricks, 463 Mass. at 641, 977 N.E.2d 552, but it does mean that they are admissible evidence of compliance. Second, under our common law, registry copies of documents affecting interests in land fall within an exception to the hearsay rule. See Mass. G. Evid. § 803(14) & note (2018), relying on Commonwealth v. Emery, 2 Gray 80, 81-82 (1854), and Scanlan v. Wright, 13 Pick. 523, 527 (1833).
Finally, we turn to the defendants' argument that the holding in Hendricks, 463 Mass. at 642, 977 N.E.2d 552, "that in a summary process action a foreclosure deed and statutory form [affidavit] constitute prima facie evidence of the right of possession," is limited to summary judgment motions. Although it is true that Hendricks was an appeal from the allowance of summary judgment, the opinion in no way suggests that the admissibility of the affidavit of sale and *808 foreclosure deed, or their evidentiary weight or effect, are to be viewed differently in the context of summary judgment than at trial. Indeed, such an approach would be at odds with Mass. R. Civ. P. 56 (e), 365 Mass. 824 (1974), which directs that summary judgment rest on "facts as would be admissible in evidence" at trial. Thus, when Hendricks ruled that a foreclosure deed and statutory affidavit of sale constitute prima facie evidence of a right of possession for purposes of summary judgment, it must necessarily be understood that those documents would be admissible in evidence at trial for the same purpose and to the same extent and effect.
For these reasons, we conclude that the trial judge erred in excluding the certified copy of the affidavit of sale. That conclusion, however, does not lead us to order the entry of a judgment of possession in favor of Freddie Mac. Although it is true that the affidavit is prima facie evidence of Freddie Mac's compliance with G. L. c. 244, § 14, it is not conclusive proof, immune from attack. Thus, the defendants are entitled to an opportunity to challenge the affidavit's substance on whatever legitimate bases they might have. For this reason, the matter must be remanded for a limited retrial on the subject matter of the affidavit.
2. Paragraph 22. On October 28, 2013, in their posttrial request for findings of fact and rulings of law, the defendants for the first time raised the issue of noncompliance with the notice requirements of paragraph 22 of the mortgage and contended that Freddie Mac had failed to prove compliance with paragraph 22.[13] More than a year later, in Pinti, 472 Mass. at 240, 33 N.E.3d 1213, the Supreme Judicial Court held that strict compliance with paragraph 22 is necessary for a foreclosure sale to be valid, but gave that holding *1208 prospective effect only "to mortgage foreclosure sales of properties that are the subject of a mortgage containing paragraph 22 or its equivalent and for which the notice of default required by paragraph 22 is sent after the date of this opinion." Id. at 243, 33 N.E.3d 1213. In Federal Nat'l Mtge. Ass'n v. Marroquin, 477 Mass. 82, 88, 74 N.E.3d 592 (2017), the court extended application of Pinti to "cases pending in the trial court where the Pinti issue was timely and fairly raised before [the Supreme Judicial Court] issued [its] *809 decision in Pinti."[14]
The defendants did not substantively raise Freddie Mac's failure to comply with paragraph 22 until after trial; at no earlier point in the litigation did the defendants adequately argue that compliance with paragraph 22's notice requirements was at issue or was being challenged. Thus, the question is whether the posttrial submission "timely and fairly" raised the issue such that the defendants are entitled to retroactive application of the Pinti rule.
In general, affirmative defenses are waived unless raised in the first responsive pleading. Aronovitz v. Fafard, 78 Mass. App. Ct. 1, 8, 934 N.E.2d 851 (2010). However, in the context of determining whether to apply the Pinti rule to a particular case, the Supreme Judicial Court has been more indulgent, and has overlooked the failure to assert noncompliance with paragraph 22 in an answer provided some later filing clearly raised the issue at a moment in the litigation where the other party could respond to it. Thus, in Marroquin, although the defendant borrowers had asserted only a general defense (on a preprinted form) that the plaintiff did not have superior right to possession, the court considered the paragraph 22 issue sufficiently "timely and fairly raised" because it was clearly and specifically argued in the context of the parties' cross motions for summary judgment. Of importance, the record demonstrated that the plaintiff understood that its compliance with paragraph 22 had been challenged and had submitted an opposition in response. Marroquin, 477 Mass. at 88-89, 74 N.E.3d 592.
By contrast here, the defendants did not use a preprinted form answer, but instead -- represented by counsel -- filed an answer asserting fifteen affirmative defenses, not one of which specifically raised noncompliance with paragraph 22. Nothing in the answer would have alerted Freddie Mac or the court that compliance with paragraph 22 was at issue. In addition, the defendants did not introduce paragraph 22 into the case until after trial. As a result, the issue was not raised at a juncture when Freddie Mac could respond by presenting evidence to rebut the claim of noncompliance.
*810 All that said, the issue was raised before Pinti was decided, while this case remained under advisement, and before judgment entered. Freddie Mac could have (but did not) respond, or even move to reopen the evidence, to establish its compliance with paragraph 22. In these circumstances, where the case must be remanded for a limited retrial with respect to the statutory affidavit of sale in any event, we conclude, for many of the reasons set out in Marroquin, that the better course is to allow the parties on remand to present evidence on *1209 whether there was strict compliance with paragraph 22 of the mortgage.
Conclusion. For the reasons set out above, the decision and order of the Appellate Division is vacated, and the matter is remanded solely for the purpose of a limited retrial on (1) the subject matter of the statutory affidavit of sale, and (2) whether the plaintiff strictly complied with the requirements of paragraph 22 of the mortgage. No other issue has been preserved on appeal; accordingly, no other issue is to be revisited on remand.
So ordered.

The defendants borrowed $ 399,200 from Provident Funding Group, Inc. (PFGI), to finance the purchase of a condominium on Nantucket, and executed a note and mortgage to secure repayment of the loan. Mortgage Electronic Registration Systems, Inc. (MERS), was the mortgagee, acting solely as nominee for PFGI, its successors and assigns. The mortgage was recorded with the Nantucket County registry of deeds. The loan was sold to Freddie Mac; PFGI indorsed the note to an affiliate, Provident Funding Associates, L.P. (PFA), which then indorsed the note in blank. PFA retained servicing rights for the loan and had authority to act on behalf of Freddie Mac, owner of the debt. After the defendants defaulted in 2010, MERS assigned the mortgage to PFA, which PFA recorded in July, 2011. The property was foreclosed by public auction on January 6, 2012, and PFA was the high bidder. It assigned its bid to Freddie Mac, and then recorded the foreclosure deed and the affidavit of sale that is the subject of this appeal, on June 12, 2012.

More specifically, rule 12 (f) permits the striking of "any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter."

Pleadings are only those documents identified in Mass. R. Civ. P. 7 (a), as amended, 385 Mass. 1215 (1982): complaints, counterclaims, cross claims, third-party complaints, and the answers or responses to those documents. See Home Depot v. Kardas, 81 Mass. App. Ct. 27, 28 n.2, 958 N.E.2d 531 (2011).

This motion is not included in the materials submitted by the parties on appeal.

The judge had given the parties two weeks after the trial to submit further arguments in writing.

The defendants made only a fleeting reference to the argument in their motion to strike the Cepeda affidavit.

Although the trial court had not awarded damages to Freddie Mac, Freddie Mac did not seek relief from that determination in its arguments to the Appellate Division.

In their notice of appeal to the Appellate Division, the defendants identified the ruling on the motion to strike as one of the issues on appeal.

Moreover, the Appellate Division's decision to set the issue to the side led inexorably to the conclusion that the evidence was insufficient to support the trial court's judgment, whereas the better course is to "consider any ground apparent on the record that supports the result reached in the [trial] court." Gabbidon v. King, 414 Mass. 685, 686, 610 N.E.2d 321 (1993).

We set out here the pertinent parts of the affidavit so that they may be compared with the statutory form. See note 12, infra.
"I, Edith Cepeda of Provident Funding Associates, L.P. named in the foregoing deed, make oath and say that the principal and interest obligation mentioned in the mortgage above referred to was not paid or tendered or performed when due or prior to the sale, and that Provident Funding Associates, L.P. caused to be published on December 8, 2011, December 15, 2011, December 22, 2011 in the Nantucket Inquirer & Mirror, a newspaper published or by its title page purporting to be published in Nantucket, Nantucket County, Massachusetts and having a circulation in the Town of Nantucket, a notice of which the following is a true copy:
"See Exhibit 'A' attached hereto and incorporated herein by reference[.]
"I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, and 26 U.S.C.A. Section 7425(c) of the Internal Revenue Code (if applicable) by mailing the required noticed by certified mail, return receipt requested.
"Pursuant to said notice at the time and place therein appointed, to wit, January 6, 2012 at 2:00 p.m. where and when Provident Funding Associates, L.P. caused to be sold the mortgaged premises at public auction by Dalton T. Frazier, a duly licensed auctioneer of Irving Shechtman & Co. to the highest bidder being Provident Funding Associates, L.P. for Three Hundred Thousand And 00/100 Dollars ($ 300,000.00) said bid was then assigned by Provident Funding Associates, LP to Federal Home Loan Mortgage Corporation with a place of business and post office address of 8200 Jones Branch Drive, McLean, VA 22102-3110, as evidence[d] by the assignment of bid to be recorded herewith as Exhibit 'B'."

General Laws c. 183, Appendix Form 12, provides as follows:
"[To be filled in] named in the foregoing deed, make oath and say that the principal [to be filled in] interest [to be filled in] obligation [to be filled in] mentioned in the mortgage above referred to was not paid or tendered or performed when due or prior to the sale, and that I published on the [to be filled in] day of [to be filled in] 19[to be filled in], in the [to be filled in], a newspaper published or by its title page purporting to be published in [to be filled in] aforesaid and having a circulation therein, a notice of which the following is a true copy:
"(Insert advertisement.)
"Pursuant to said notice at the time and place therein appointed, I sold the mortgaged premises at [to be filled in] public action by [to be filled in], an auctioneer, to [to be filled in], above named, for [to be filled in] dollars, bid by him, being the highest bid made therefor at said auction.
"Sworn to by the said [to be filled in] 19 [to be filled in], before me."

The Appellate Division characterized the timing of the paragraph 22 argument in this way, but did not treat the argument as waived. As we have noted, the defendants made a fleeting reference to the argument in their motion to strike the Cepeda affidavit.

Whether an issue has been timely and fairly raised is a question of fact to be reviewed for clear error. Marroquin, 477 Mass. at 88, 74 N.E.3d 592. Here, the trial judge made no findings, and it is not apparent on what basis he rejected the paragraph 22 defense. We would not ordinarily decide an issue of fact in the first instance ourselves. However, the timeliness and fairness of the timing of the assertion of the defense are matters that may be determined solely based on the documentary record. See, e.g., id. at 88-89, 74 N.E.3d 592.